UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-62642-STRAUSS

**JONATHAN K. LEWIS,**

 Petitioner,

v.

**CHIEF JUDGE OF THE
17TH JUDICIAL CIRCUIT IN
BROWARD COUNTY,**

 Respondent.
_____/

## REPORT AND RECOMMENDATION

 THIS MATTER was assigned to the undersigned United States Magistrate Judge pursuant to Administrative Order 2025-11. However, because I find that dismissal of this case is warranted, and because I do not presently have authority to issue a dispositive order, I am issuing a Report and Recommendation. I have separately entered an order directing the Clerk to randomly reassign this case to a District Judge of this Court. For the following reasons, I respectfully **RECOMMEND** that this action be **DISMISSED** and that all pending motions be **denied as moot**.

## BACKGROUND

 Petitioner Jonathan K. Lewis ("Petitioner") filed his "Petition for Writ of Prohibition" on December 19, 2025, [DE 1], along with a motion to proceed *in forma pauperis*, [DE 3]. The Petition seeks a "Petition for Writ of Prohibition on the respondent Chief Judge of 17th Judicial Circuit in Broward County Ms. Carol-Lisa Phillips to compel the judge to fix the order authorizing my settlement . . . ." [DE 1] at 1.

 Because Plaintiff has moved to proceed *in forma pauperis*, the screening provisions of 28 U.S.C. § 1915(e) apply. Under 28 U.S.C. § 1915, if a court determines that the case is frivolous

or fails to state a claim on which relief may be granted, then the court "shall dismiss the case at any time." 28 U.S.C. § 1915(e). Although Federal Rule of Civil Procedure 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions"; a "formulaic recitation of the cause of action will not do." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id.* at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When a plaintiff is proceeding *pro se*, the Court must liberally construe the *pro se* pleadings and hold them to "less stringent standards" than pleadings drafted by attorneys. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

Construing the rambling, and often difficult to comprehend, statements in the Petition liberally, Petitioner takes issue with the settlement of a lawsuit initiated by his grandmother in 1988 in Broward County Circuit Court to redress damages Petitioner (who was a minor at the time) suffered from a car accident. [DE 1] at 3. Petitioner alleges that, as a result of a lawsuit, he won money that was paid through an annuity contract. *Id*. Petitioner appears to allege that $10,000 of what he was supposed to be paid is "still missing unaccounted for in the annuity contract that did not go to [Petitioner] or the attorney or the medical bills and the contract was for me." *Id*. at 3-4. Petitioner apparently blames the state court judge overseeing the case for the fact that he has not

received this $10,000. He appears to assert that the state court judge was obligated to "inspect the contract and make sure it is legal," including by inquiring "why the $10,000 was not going to be part of the money [Petitioner] was waiting for and how much was going towards my bills." *Id*. at 4. Yet he appears to assert that the state court judge erred in approving the settlement and did not adequately protect his rights as a minor, making any order approving the settlement "an illegal order because [Petitioner] didn't get everything [he] was supposed to get[.]" *Id*. Consequently, Petitioner asks this Court to

> issue an order on the chief judge[1] in Broward County to show cause why this petition should not be granted for the requested relief of this court ordering the 17th judicial circuit in Broward County chief judge to alter the order authorizing my settlement contract by doing whatever needs to be done so the plaintiff can get the rest of his funds based on the information above.

*Id*. at 6.

## **ANALYSIS**

The Court lacks jurisdiction to grant the relief Plaintiff seeks. Moreover, the Petition fails to state a claim upon which relief can be granted. First, the "writ of prohibition" that Petitioner explicitly seeks is not a writ this Court can issue – and certainly not to a state court. The writs of prohibition and mandamus "afford an expeditious and effective means of confining the *inferior court* to a lawful exercise of its prescribed jurisdiction, or of compelling a court to exercise its authority." *Ex Parte Republic of Peru*, 318 U.S. 578, 583 (1943) (emphasis added); *In re State of Mo.*, 664 F.2d 178, 180 (8th Cir. 1981). In other words "a writ of prohibition is not a means for invalidating the judgment of a non-subordinate court, such as a state court, but rather is a means of confining or compelling the exercise of jurisdiction of an 'inferior court' such as a lower federal

---

[1] Petitioner states that the judge on his underlying state court case "is deceased or does not practice law any more[.]" [DE 1] at 2. Therefore, he asserts that "the proper party is the chief judge[.]" *Id*.

court." *Hyman-Bozeman v. Fulton Cnty. Superior Ct.*, Case No. 22-cv-4609, 2023 WL 11960550 *2 (N.D. Ga. Apr. 20, 2023).  While Petitioner appears to labor under the misimpression that federal courts have "jurisdiction over the state court system and its employees," [DE 1] at 1, state courts are not subordinate to federal courts, and "this Court has no authority to issue a writ of prohibition against the [state] court or [state court judge]." *Behr v. Ticktin*, No. 9:19-CV-80722-ROSENBERG, 2019 WL 11639535, *2 (S.D. Fla. June 7, 2019); *McGowan v. Bondi*, No. 25-24779-CIV-ALTONAGA, 2025 WL 3113211, *1 (S.D. Fla. Oct. 20, 2025) (finding Court lacked jurisdiction to issue a writ of prohibition to a state court); *Thomas v. Rowe*, No. 25-81180-CV-WILLIAMS, 2025 WL 3039835, at *1 n.1 (S.D. Fla. Sept. 29, 2025) (same); *cf. Moye v. Clerk, DeKalb Cnty. Superior Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973) ("[A] federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought.").[2]

Second, while the Petition explicitly seeks a writ of prohibition, and does not style itself as a complaint for violations of federal law, Petitioner's claims would fail even if the Court were to liberally construe it as such a complaint.  The Petition does not cite any particular federal law that Petitioner believes the state court judge violated.  However, the Petition does make a conclusory assertion that the judge's failure to protect the rights of Petitioner (who was, at the time, a minor) against adults attempting to take advantage of him "is a direct violation of US Constitution 14th amendment [sic]." [DE 1] at 3.  Yet, even construing the Petition as a complaint for a violation of 42 U.S.C. § 1983, the complaint would still fail.

---

[2] While Petitioner makes vague reference to the All Writs Act, 28 U.S.C. § 1651, that statute does not confer jurisdiction upon this Court.  Rather, this Court may only issue writs under the All Writs Act when there is an independent basis for subject matter jurisdiction.  *Henson v. Ciba-Geigy Corp.*, 261 F.3d 1065, 1070 (11th Cir. 2001); *Hyman-Bozeman*, 2023 WL 11960550 at *2.

The Petition sues Defendant in her official capacity.³ As such, Petitioner's claims are barred by sovereign immunity and the fact that Defendant is not a "person" under 42 U.S.C. § 1983. The Eleventh Amendment bars "suits against a state initiated by that state's own citizens." *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999). This immunity extends to state agencies and other arms of the state. *Cassady v. Hall*, 892 F.3d 1150, 1153 (11th Cir. 2018). Although "a state can consent to suit in federal court . . . .[,] Florida has not waived its sovereign immunity with regard to § 1983 actions." *Cichowski v. Totten*, No. 24-10195, 2024 WL 2182487, at *2 (11th Cir. May 15, 2024) (citation omitted). Nor has Congress abrogated "the states' Eleventh Amendment immunity from § 1983 suits." *Id.*

A Florida state-court judge in her official capacity is an arm of the State of Florida. *See Badillo v. Thorpe*, 158 F. App'x 208, 213 (11th Cir. 2005) (finding Florida state-court judge is an arm "of the state for Eleventh Amendment purposes and therefore enjoy immunity from liability on [Plaintiff's] § 1983 claims, both legal and equitable"); *Kaimowitz v. The Fla. Bar*, 996 F.2d 1151, 1155 (11th Cir. 1993) ("The Eleventh Amendment prohibits actions against state courts and state bars."); *Coker v. Warren*, 660 F. Supp. 3d 1308, 1327 (M.D. Fla. 2023) ("In Florida, the state court system, and therefore a state court judge acting in his official capacity, are considered arms of the State of Florida.").

There is an exception to Eleventh Amendment sovereign immunity when a plaintiff brings a suit seeking "prospective equitable relief to end ongoing and continuing violations of federal

---

³ As described above, the Petition admits that Chief Judge Phillips is not the judge who presided over the underlying state case, and Petitioner names her because the original state judge is no longer available to be sued. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (explaining that "[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law[,]" whereas "[o]fficial-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent").

law." *Summit Med. Assocs.*, 180 F.3d at 1336. This is known as the *Ex parte Young* doctrine. But the doctrine does not include or permit judgments against state officers that declare that the state officers violated federal law in the past or permit a plaintiff to adjudicate the legality of past conduct. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). That is what Plaintiff seeks to do here by asking this Court to find that the state judge's approval of a settlement several decades ago violated his Fourteenth Amendment rights.

Additionally, a plaintiff cannot use a § 1983 claim as a device to review a state court judgment. *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) ("We reject, from the outset, the use of § 1983 as a device for collateral review of state court judgments."). And "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Clark v. Clark*, 984 F.2d 272, 273 (8th Cir. 1993) ("Courts are not persons within the meaning of 42 U.S.C. § 1983 . . . ."); *Ippolito v. State of Fla.*, 824 F. Supp. 1562, 1572 (M.D. Fla. 1993) ("[I]t is important to note that a state court is not a 'person' within the meaning of 42 U.S.C. § 1983."). Consequently, Petitioner could not bring a viable § 1983 suit against Defendant in her official capacity as a Broward County Circuit Judge and dismissal is warranted. *See Shean,* 2021 WL 2403936, at *5.

Finally, the *Rooker-Feldman* doctrine potentially bars Petitioner's claim against Defendant. Under this doctrine, "federal district courts lack jurisdiction to adjudicate the validity of a state court order." *Thurman v. Jud. Correction Servs., Inc.*, 760 F. App'x 733, 736 (11th Cir. 2019). The *Rooker-Feldman* doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In such cases, the district court lacks

subject matter jurisdiction because 28 U.S.C. § 1257 vests authority to review a state court's judgment solely with the Supreme Court.  *Id.* at 291-92.

It is true that *Rooker-Feldman* does not strip a district court of subject matter jurisdiction over a claim "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Id.* at 293.  But, *Rooker-Feldman* does not prioritize form over substance; rather, it bars all appeals of state court judgments, brought in federal district court, regardless of how a plaintiff labels his complaint. *Behr v. Campbell*, 8 F.4th 1206, 1211 (11th Cir. 2021); *see also May v. Morgan Cnty. Ga.*, 878 F.3d 1001, 1005 (11th Cir. 2017) ("[A] state court loser cannot avoid *Rooker-Feldman*'s bar by cleverly cloaking her pleadings in the cloth of a different claim.").

When reviewing if *Rooker-Feldman* applies, "[t]he question isn't whether the whole complaint seems to challenge a previous state court judgment, but whether resolution of each individual claim requires review and rejection of a state court judgment." *Behr*, 8 F.4th at 1213. It is unclear from the Petition what specific action by the state court Petitioner is seeking to undo or redo.  Indeed, it is unclear whether any "judgment" was entered in the underlying state court case.  And, by the Petition's description, it seems Petitioner "won" the underlying case in obtaining his settlement; at the very least, it does not seem like the state court ruled against Petitioner in some way.  Nevertheless, in this case, Plaintiff explicitly seeks an order to compel Defendant to "fix the order authorizing [Petitioner's] settlement." [DE 1] at 1.  Thus, to resolve Plaintiff's § 1983 claim, this Court would have to review and reject the state court's prior decision regarding the validity of that settlement (to the extent a decision was ever made).  *Rooker-Feldman* arguably prohibits such a review.

7

Therefore, I respectfully **RECOMMEND** that this action be **DISMISSED without prejudice** and that all pending motions be **denied as moot**.[4]

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with this Court.[5] Failure to timely file objections shall bar the parties from a *de novo* determination by a District Judge of this Court of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida, this 29th day of December 2025.



Jared M. Strauss
United States Magistrate Judge

---

[4] "Our cases make clear that 'a [pro se] plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice'—at least, that is, where 'a more carefully drafted complaint might state a claim.'" *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) (alteration in original) (quoting *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018)). However, given the issues described above, I conclude that amendment here would be futile.

[5] As set forth in Rule 4(b) of the of the Magistrate Judge Rules of this Court's Local Rules:

> Any party may object to a Magistrate Judge's proposed findings, recommendations or report under subsections 1(d), (e), and (f) of these rules, supra, within fourteen (14) days after being served with a copy thereof, or within such other time as may be allowed by the Magistrate Judge or District Judge. Such party shall file with the Clerk of the Court, and serve on all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made, the specific basis for such objections, and supporting legal authority. . . . A District Judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.